# EXHIBIT A

20STCV20807

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Stern

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2020 04:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
Melissa M. Kurata, Esq. (SBN 285388)
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone (310) 553-3600
Facsimile (310) 553-3603

Attorneys for Plaintiff,
RICHARD THOMPSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

RICHARD THOMPSON,

Plaintiff,

v.

NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation; and DOES 1 through 100, Inclusive

Defendants.

CASE NO.: 20STCV20807

COMPLAINT FOR:

(1) EMPLOYMENT DISCRIMINATION BECAUSE OF AGE (Cal. Govt. Code §12900, et seq.);

(2) RETALIATION (Cal. Govt. Code §12900, et seq.);

(3) WRONGFUL TERMINATION (Cal. Govt. Code §12900, et seq.);

(4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; and

(5) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**DEMAND FOR JURY TRIAL**

EXHIBIT A
1
COMPLAINT

- 5 -

COMES NOW plaintiff RICHARD THOMPSON (hereinafter "THOMPSON" or "Plaintiff") who complains and alleges as follows:

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, THOMPSON, is and was, at all times relevant hereto, an individual residing in the State of California.

2. Plaintiff, THOMPSON, is a sixty-seven year old male. Due to his age, THOMPSON is entitled to protection under California Department Fair Employment and Housing Act under California Government Code §12900 et seq. (hereinafter "FEHA") and California common law.

3. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, defendant NORTHROP GRUMMAN SYSTEMS CORPORATION (hereinafter "NORTHROP" or "Defendant"), is and was a Delaware corporation duly organized, authorized, and licensed to do business in the State of California, with its principal place of business, in Los Angeles County, California. Defendant NORTHROP operates in California and regularly employs five or more employees and falls within the requirement of FEHA and Government Code §12900 et seq.

4. The true names and capacities, whether individual, corporate or associate, or otherwise, of the Defendants named herein as DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names pursuant to California Code of Civil Procedure Section 474, and Plaintiff will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based upon such information and belief, alleges that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged and that Plaintiff's damages were proximately caused by their conduct.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venturer or co-conspirator of each of the other Defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such

agency, employment, joint venture and conspiracy.

6. All of the acts and conduct herein and below described of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

7. Plaintiff was hired by NORTHROP in or about 1988 and worked at its Palmdale, California location. Plaintiff had the job title of supplier quality lead until the date of his termination on July 1, 2018. At all times herein mentioned THOMPSON was qualified for and was able to perform his essential job duties.

8. On or about April 17, 2018, Tamara Lewis held a meeting with Plaintiff wherein she stated that he was required to accept a field position, which would have been a demotion in position with lower pay.

9. Plaintiff is informed and believes that a younger employee who worked on another program replaced him.

10. Plaintiff filed a complaint with the Department of Fair Employment and Housing against Defendants and obtained the Notice of Right to Sue.

## FIRST CAUSE OF ACTION

## (EMPLOYMENT DISCRIMINATION BECAUSE OF AGE

## AGAINST DEFENDANT AND DOES)

11. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

12. Defendant NORTHROP, and each of them, discriminated against Plaintiff by treating him differently and terminated him employment because of his age. Defendant

EXHIBIT A
3

NORTHROP's actions were in violation of the FEHA, California Government Code §12900, et seq.

13. At all times Plaintiff was an employee within the meaning of California Government Code §12926 and at all times during his employment he performed in a competent and satisfactory manner.

14. Plaintiff is informed and believes and based thereon alleges that in addition to the practices enumerated above, Defendant NORTHROP may have engaged in other discriminatory practices against him which are not yet fully known. At such time as such discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this Complaint in that regard.

15. Plaintiff filed Charges of Discrimination with the DFEH. Plaintiff has exhausted his administrative remedies, received the Notice of Right to Sue letter, and timely files this action.

16. As a direct and proximate result of Defendant NORTHROP's willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend the complaint at such time as these damages are fully ascertained.

17. As a further direct and proximate result of Defendant NORTHROP's discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendants, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

18. Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

19. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant NORTHROP described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him.

Defendant NORTHROP, through its officers, managing agents and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

## SECOND CAUSE OF ACTION
## (RETALIATION AGAINST DEFENDANT AND DOES)

20. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants subjected him to retaliation as set forth above for his age, which is protected under California Government Code §12900 et seq.

22. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant NORTHROP, and each of them, have engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of Court to amend this complaint in that regard.

23. Plaintiff filed Charges of Discrimination with the DFEH. Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

24. As a direct and proximate result of Defendant NORTHROP's willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

25. As a direct and proximate result of Defendant NORTHROP's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress; he has incurred and will continue to incur medical expenses and for other incidental expenses; and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job

opportunities Plaintiff is hereby entitled to general and compensatory damages in amounts to be proven at trial.

26. Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

27. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant NORTHROP described above was done with fraud, oppression and malice, and with a conscious disregard for his right to be free of retaliation, and with the intent, design and purpose of injuring him. Plaintiff is further informed and believe that Defendant NORTHROP, through their officers, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

### THIRD CAUSE OF ACTION
### (WRONGFUL TERMINATION IN VIOLATION OF
### CALIFORNIA GOVERNMENT CODE SECTION 12900 ET SEQ.
### AGAINST DEFENDANT AND DOES)

28. Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

29. Plaintiff is informed and believes that his employment was terminated as a result of his age in violation of Government Code §12900, et seq.

30. At all times Plaintiff was an employee within the meaning of Cal. Govt. Code §12926 and at all times during his employment he performed in a competent, satisfactory manner.

31. Plaintiff filed Charges of Discrimination with the DFEH. Plaintiff has exhausted his administrative remedies, received his Notice of Right to Sue letter and timely files this action.

32. As a direct and proximate result of Defendant NORTHROP's termination of Plaintiff in violation of Government Code §12900, et seq., Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job

EXHIBIT A

6

opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

33. As a further direct and proximate result of Defendant NORTHROP's discriminatory conduct and actions against him in violation of Government Code § 12900 et. seq. as heretofore described, Plaintiff has been damaged and deprived of the security, solace and piece of mind for which he entered the employment relationship with Defendant NORTHROP, and each of them, thereby causing him to suffer emotional and mental distress, anguish, embarrassment and humiliation, all to his general damages in an amount according to proof at trial, but in excess of the jurisdictional amount of this court.

34. Plaintiff further requests attorney fees be awarded to him pursuant to California Government Code §12965.

35. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant NORTHROP described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant NORTHROP, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION
## (WRONGFUL TERMINATION IN VIOLATION
## OF PUBLIC POLICY AGAINST DEFENDANT AND DOES)

36. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37. Plaintiff is informed and believes that his employment was terminated as a result of his age.

38. It is the public policy of the State of California as expressed in Federal Statute, California Fair Employment and Housing Act, and the Federal and California Constitution that individuals shall not be terminated from their employment on the basis of their age.

EXHIBIT A

7

COMPLAINT

- 11 -

39. As a direct and proximate result of Defendant NORTHROP's termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. As a direct and proximate result of Defendant NORTHROP's willful, knowing and intentional discrimination against him, Plaintiff has sustained, and continues to sustain, loss of earnings, the full nature and extent of which are presently unknown to Plaintiff, who therefore, will seek leave of court to amend his complaint at such time as these damages are fully ascertained.

41. Plaintiff is informed and believes and based thereon alleges that the outrageous conduct of Defendant NORTHROP described above was done with malice, fraud and oppression and with conscious disregard for his rights and with the intent, design and purpose of injuring him. Defendant NORTHROP, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct of all of the other defendants named in this action. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

### FIFTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT AND DOES)

42. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43. Defendants and each of them, engaged in a course of outrageous and despicable conduct, which exceeds the bounds of acceptable conduct in a civilized society as viewed by the average person. Plaintiff, who was 65 years old at the time of termination, had worked for Defendants for 30 years. Defendants were fully aware that Plaintiff could perform his work duties completely and competently. Plaintiff is informed and believes that a younger employee replaced

EXHIBIT A
8

him after he was terminated.

44. Defendants' conduct was outside of what was required of them to carry out managerial and personnel duties. Defendants did not terminate Plaintiff because of work performance. Rather Defendants' conduct was outrageous and despicable since they terminated Plaintiff knowing full well that he could complete all his job duties and in fact promoted a younger employee to perform his job after Plaintiff's termination. Defendants knew that Plaintiff would experience a high degree of fear, anxiety, worry and grief. This behavior exceeds the bounds of acceptable conduct in a civilized society as viewed by the average person.

45. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

46. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

1. For general and compensatory damages according to proof;
2. For lost salary, both front and back pay, bonuses, benefits and any other benefits to which Plaintiff would have been entitled to by reason of his employment with Defendants, according to proof;
3. For punitive and exemplary damages against Defendants;
4. For statutory penalties, according to proof;
5. Pre-judgment and post-judgment interest at the maximum rate allowed by law;
6. For attorney's fees in prosecuting this action;
7. For costs of suit incurred herein; and

///
///
///

EXHIBIT A
9
COMPLAINT

8. For such other and further relief as the Court deems just and proper.

DATED: June 2, 2020              THE NOURMAND LAW FIRM, APC

                    By:  /s/ Melissa M. Kurata
                         Michael Nourmand, Esq.
                         James A. De Sario, Esq.
                         Melissa M. Kurata, Esq.
                         Attorneys for Plaintiff